BLACK HILLS TELEGRAPH & TELEPHONE CO. v, MITCHELL
*et al.*

Laws 1893, Chapt. 96, provides that, if the garnishee fails to appear and an-
swer, plaintiff may proceed against him in an action in his own name, as
in other cases.   *Held,* that a garnishee who fails to answer the summons

in garnishment may, when sued by plaintiff, justify his payment of the money to defendant after garnishment, on the ground that defendant had claimed it as exempt.

(Opinion filed July 12, 1899.)

Appeal from circuit court, Lawrence county.    Hon. A. J. PLOWMAN, Judge.

Action by the Black Hills Telegraph & Telephone Company against T. O. Mitchell and T. W. Thompson, partners as Mitchell & Thompson. From a judgment for plaintiff, defendants appeal.    Reversed.

The facts are stated in the opinion.

*John R. Wilson*, for appellants.

*Rice & Polley*, for respondent.


HANEY, J    George Laurance was indebted to the plain tiff in the sum of $55.    Mitchell & Thompson owed Laurance $60. July 23, 1896, plaintiff began an action in justice's court against Laurance by personal service of summons, wherein his name was written "Lawrenson," to recover the indebtedness above mentioned.    On July 25th, a summons in garnishment, in the same action, was personally served upon Mitchell & Thompson, wherein the principal defendant was named as "George Lawrenson."    On July 27th, Laurance served upon the sheriff, the officer who served the summons in the principal action and the summons in garnishment, a claim for exemptions in the manner provided by law, and demanded that all property of every kind levied upon or attached by the sheriff, and particularly all moneys garnished in the hands of Mitchell & Thompson, belonging to him, be released as exempt.    At the time of such demand Laurence was entitled to claim such money as exempt.

After the summons in garnishment and the demand for exemption were served, Laurance demanded of Mitchell & Thompson the amount due him from them, and, after consulting counsel, and having been advised that plaintiff had no right to the money in their hands belonging to Laurance, Mitchell & Thompson paid the same to Laurance. On July 28th Laurance appeared in the main action, and moved to dismiss on the ground that his true name was George Laurance, and not George Lawrenson. The justice denied the motion, and permitted the record to be amended by changing the name of Lawrenson to that of Laurance. Thereupon the defendant agreed that plaintiff might have judgment for $79.20, and it was rendered accordingly. Mitchell & Thompson made default in answering the summons in garnishment. They admit that they knew Laurance, to whom they were indebted when they were served with the garnishment process, was personally served in the principal action, and that he was the person intended to be served in such action. Subsequently this action was commenced to recover of the garnishees the amount due from them to Laurance when they were garnished. Plaintiff was given judgment for $60 and costs, from which defendants appealed.

The attachment of the defendant's credit or property in the possession of other persons is the object intended and effect produced by all garnishment proceedings. Such attachment must necessarily be subject to the laws relating to exemptions. The act providing for garnishments in justices' courts expressly declares that nothing contained therein shall be construed to affect exemptions allowed by law, but is silent as to the manner of securing the benefits of such exemptions. Laws 1893, c. 96.

Hence the law relating to claims of exemptions in attachment cases is applicable to these garnishment proceedings. In all cases of attachment or levy upon personal property, notice must be given to the debtor, his attorney, agent, wife, child or person in possession; and the debtor or such other person for him must claim or demand the benefits of the exemptions within five days, after such notice, with certain exceptions not material to this appeal. Laws 1893 Chap. 19. The claim of Laurance was made in the manner and within the time prescribed by law, and certainly operated to exempt the indebtedness due him from the garnishees. His right to such indebtedness cannot be doubted; the only question involving any difficulty being whether the garnishees, having failed to answer the summons in garnishment, can, in this action, justify their payment of the money to the defendant, after having been garnished, on the ground that he had properly claimed it as exempt. It is generally held to be the duty of a garnishee to set up the defendant's right of exemption if the defense is known to him. 9 Enc. Pl. & Prac. 834. Are the defendants precluded from doing so in this action because of their failure to answer the garnishment summons? We think not. The statute contains the following: "If the granishee fails to appear and answer, or if he fails to comply with the orders of the justice to deliver the property and pay the money owing to the court or give an undertaking to the plaintiff, with one or more sufficient sureties, to the effect that the amount shall be paid or the property forthcoming as the court may direct, the plaintiff may proceed against him in an action in his own name, as in other cases; and thereupon such proceedings may be had as in other actions, and judgment may be rendered in favor of the

plaintiff for the amount of the property and credits of every kind of the defendant in possession of the garnishee and for what shall appear to be owing by him to the defendant, and for the costs of the proceedings against the garnishee. If the plaintiff proceed against the garnishee by action for the cause that his disclosure was unsatisfactory, unless it appear in the action that such disclosure was incomplete, the plaintiff shall pay the costs of such action. The judgment in this action may be enforced as judgments in other cases. When the claims of the plaintiff are satisfied by the garnishee, he may on motion be substituted as the plaintiff in the judgment." Laws 1893, Chap. 96. So far as applicable to the case at bar, the statute provides that, "if the garnishee fails to appear and answer, the plaintiff may proceed against him in an action in his own name as in other cases." The only effect of the garnishee's default is to lay the foundation for an action, wherein his rights must be determined. The statute does not authorize the entry of any judgment upon his failure to appear and answer in the original action. Under substantially the same statute the supreme court of Kansas held that: "An order of a justice of the peace directing a garnishee to deliver property or pay money to the judgment creditor which the garnishee may have in his possession, belonging or owing to the judgment debtor, is not a final determination between the parties; and in an action subsequently brought against the garnishee by the judgment creditor to enforce such order a garnishee may answer, and show whether he had money or property in his possession belonging to the judgment debtor, or was indebted to him, and, if so, what the character of such property or indebtedness was, or any other fact affecting the question of his liability as garnishee;

and that a garnishee may interpose the defense, and show that the property or money of the judgment debtor in his hands, or his indebtedness to such debtor is exempt by law, and cannot be subjected by garnishment to the payment of the judgment in favor of the judgment creditor." Mull v. Jones, 33 Kan. 112; 5 Pac. 388. If an appearance by the garnishee, a trial of the truth of his answer, and an order requiring him to pay into court the amount found to be due from him to the defendant does not preclude the garnishee from showing in an action brought to recover that amount, that the indebtedness is exempt, certainly his mere failure to appear and answer in the original action should not have that effect. We think the defendants were entitled to show, in this action, that the amount due from them to Laurance became exempt by his timely demand upon the sheriff, and having done so, the circuit court should have rendered judgment in their favor for costs. The judgment of the circuit court is reversed, and the case remanded with directions to enter judgment dismissing the action upon its merits, and in favor of defendants for costs.