JOHN HIERSPIEL, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF FRANK HIERSPIEL, DECEASED, RESPONDENT, v. FRANCIS GORMLEY, APPELLANT.

Submitted December 8, 1919—Decided March 1, 1920.

On appeal from the Supreme Court.

For the appellant, *Mark Townsend, Jr.,* and *John J. Fallon.*

For the respondent, *Marshall Van Winkle.*

PER CURIAM.

This action was one for damages under the Death act arising out of a collision between the defendant's automobile and

the plaintiff's intestate. The jury found a verdict for plaintiff and defendant procured a rule to show cause from the trial court, in which a single question was reserved, namely, the pertinency of the ordinance of Jersey City concerning roller-skating. The rule to show cause was apparently discharged, although the record does not disclose it, yet it is to be implied from the entry of final judgment on the *postea*.

The reserved question was not argued in this court. The case was here submitted on briefs by consent, and the brief filed for the defendant-appellant was the one he submitted to the Supreme Court on his rule to show cause in that tribunal, which, of course, does not argue the reserved question; and equally, of course, the questions considered in the court below on the rule to show cause are not arguable here.

Rule No. 35 of this court, as amended, 1914, provides that if no brief be filed by the appellant the appeal shall be considered to be abandoned. As no brief of argument was filed in this court on the only question reserved and cognizable here, this appeal must be considered to be abandoned. It is as though counsel handed to this court the state of the case, saying that there was error in it and asking the court to find it and reverse the judgment. This is contrary to immemorial and settled practice. It is always the duty of counsel to point out the alleged errors in the record, and, by arguing them, aid the court in reaching a right conclusion. Besides, the adversary party is entitled to know what is to be relied upon on the appeal and to have a copy of the brief of argument so that he may reply to it.

Let the judgment under review be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 15.

*For reversal*—None.