[No. 3461. Feb. 25, 1931.]

NARVAIZ v. SANTA FE, N. W. RY. CO.

[296 Pac. 575.]

O. A. Larrazolo and H. O. Waggoner, both of Albuquerque, for appellant.

Raymond R. Ryan, of Albuquerque, for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

Action was commenced by Ocariz Frampton, widow of David Frampton, as preferred beneficiary under section 36—101, 1929 Comp, (N. M. Stats. Anno. 1915, § 1820).

At the conclusion of plaintiff's case, defendant moved for an instructed verdict upon ten distinct grounds. The motion was sustained generally, the court stating:

"I have listened very carefully to the argument. I think the motion will have to be sustained. Without going into all of the reasons, I think it has to be sustained if for no other reason, because of the Candelaria Case (Candelaria v. A., T. & S. F. Ry. Co., 6 N. M. 266, 2 P. 497), and the position the Supreme

Court of this state has taken on this question, which case is binding here."

To this ruling a general exception was taken. The court thereupon directed a verdict in favor of the defendant, which verdict was returned by the jury. This was followed by judgment for defendant, in which it is recited that defendant had "moved the court for a directed verdict in favor of defendant because such evidence was insufficient to support a verdict in favor of the plaintiff."

Appellant says in his brief that there is but one legal proposition to be considered and solved in this case, to-wit:

"Was the defendant railroad company required under the law to exercise the care and caution for the safety and protection of the deceased that the law demands of railroad companies in the transportation of passengers who pay the established fare on such railroads, or was the deceased a trespasser on the defendants' railroad train for whose transportation and safety the defendant assumed no responsibility whatever?"

Appellant asserts that the evidence established that, for a long time previous to the accident that resulted in the death of David Frampton, it had been, and at that time was, the custom and practice of said railroad company to carry and transport free of charge, from Bernalillo on the main line of the Santa Fe to a logging camp and intermediate points and back, all persons that wanted to use the defendant's logging trains, free of charge, and without any objection on the part of the defendant and its employees, etc. Counsel for appellant cite many authorities to the point that mere nonpayment of fare or gratuitous carriage will not of itself deprive a traveler of his right of action for the result of negligence of the carrier. Defendant answered the complaint of plaintiff with the following, among other allegations:

"Further answering said paragraph two of said amended complaint, this defendant says that on the 23rd day of November, 1925, and for some two or three months prior thereto, it had been conducting and operating a logging road in the County of Sandoval from the town of Bernalillo, in said county, to the forests of The White Pine Lumber Company, a distance of forty odd miles from Bernalillo, and on said day it was not a common carrier, or engaged in the transportation of freight or passengers, except the hauling of logs for The White Pine Lumber Company."

The motion for a directed verdict challenged the sufficiency of the proof to establish that defendant was a common carrier of any kind, or a common carrier of passengers, and as being insufficient to show that the injury purporting to have caused the death of the deceased, David Frampton, was caused by defendant by reason and in respect of the operation of its line of railroad as a common carrier; that there was no proof that the deceased, Frampton, was a passenger upon defendant's line of railway, to whom it owed any contractual obligation as a common carrier; that there was no proof that the injury alleged to have caused the death of deceased was caused by the willful and wanton negligence of defendant; that it appeared from the proof that the deceased was a trespasser or mere licensee upon defendant's freight train, and that there was no proof that the injury causing his death was due to defendant operating its train with willful and wanton negligence; that there was no proof that the injury resulting in the death of the deceased was caused by any negligence on the part of the defendant, its servants, agents, or employees, or to a defect in any appliance used by defendant in the operation of its train; that it appeared from the proof that the proximate cause of the injury was the negligence of the deceased in assuming a dangerous position while riding upon the freight train of the defendant; that there was no proof that the deceased had authority from the defendant to ride upon its freight train, or from any agent of the defendant authorized actually to confer such privilege or authority, or who presumptively was authorized to confer such privilege; that plaintiff was precluded from recovery because it appears from the plaintiff's testimony that the deceased was guilty of contributory negligence, and that such contributory negligence was the cause of the injury complained of, or contributed thereto, in such a manner as to preclude recovery; that plaintiff was precluded from recovery against the defendant because of the provisions of section 4711 of the Code of 1915. There has been no oral argument in this case, and the appellant has argued in his brief only the single proposition heretofore mentioned. The appellee in its brief relies upon all of the ten grounds set forth in its motion for a directed verdict to support the decision of the trial court.

It has filed an elaborate brief in support of each of the grounds, and asserts that, if the instruction of the court may be sustained upon any of the grounds, the judgment of the court must stand. The appellant filed no reply brief.

That appellee has correctly stated the general rule we do not doubt. In 4 C. J. Appeal and Error, § 2557, it is said:

"Where a judgment or order is correct, it will not be reversed on appeal because the trial court has based its decision on insufficient or erroneous reasons or grounds, or has stated no reasons therefor. And where it does not affirmatively appear on what grounds the decision was made, it is the duty of the appellate court to sustain the court below if there was any ground disclosed by the record on which the order could properly have been made. So a decision based on several grounds, one or more of which sustained it, will not be reversed, although some of the grounds are erroneous, at least unless in case where the ground of decision can be seen to have misled a party to his injury."

In the same section it is said that this rule has been applied to a decision directing a verdict. The same principle finds application by this court in Acequia Del Llano v. Acequia De Las Joyas, 25 N. M. 134, 179 P. 235, 238, where it said:

"It is well settled that where a ground of demurrer to a complaint should have been sustained, the decree sustaining the demurrer, though on another and insufficient ground, will be affirmed."

See, also, State ex rel. Dow et al. v. Graham et al., 33 N. M. 504, 270 P. 897.

The New Jersey Court of Errors and Appeals decided in Cork v. Lehigh Valley R. Co. (1922) 98 N. J. Law, 143, 119 A. 88, "that the ruling on a motion for a directed verdict rested on a ground that is fallacious is no ground for reversal if the ruling was justified on any other ground on which the application was based. Many similar expressions from the reported decisions may be found in Decennial Digests, Appeal and Error, Key 854(5), 856(3).

This situation casts the burden upon the appellant to show that upon none of the grounds of the motion can the ruling of the trial court be sustained. Rule No. 15 of this court provides that:

"No assignments of error need be filed in any cause, but, in his opening brief, after making such statement of facts as he may desire, and before commencing upon his argument, the appellant or plaintiff in error shall make a concise statement of the points upon which he relies for a reversal of the case. The court may, in its discretion, decline to review any points not so specified."

By numerous decisions we have held that, by the failure to argue assignments of error, the assignment is deemed to have been waived. The present situation is analogous. It is as though appellant had assigned error in the ruling of the court in sustaining the motion upon each of the ten grounds stated therein, and then merely arguing one assignment. As the Court of Errors and Appeals of New Jersey said in the case of Hierspiel v. Gormley (1920) 94 N. J. Law, 253, 109 A. 349, 350, in a somewhat similar situation:

"It is as though counsel handed to this court the state of the case, saying that there was error in it, and asking the court to find it and reverse the judgment. This is contrary to immemorial and settled practice. It is always the duty of counsel to point out the alleged errors in the record, and, by arguing them, aid the court in reaching a right conclusion."

We find no substantial cause for reversal, and the judgment is affirmed.

WATSON and PARKER, JJ., concur.

SADLER and HUDSPETH, JJ., did not participate.