362 P.2d 507

**J. N. LAUGHLIN, Plaintiff-Appellee,**

v.

**F. N. LUMBERT, Defendant-Appellant.**

No. 6759.

Supreme Court of New Mexico.

May 31, 1961.

Hugh R. Horne, Albuquerque, for appellant.

J. B. Newell, Las Cruces, for appellee.

MOISE, Justice.

This case presents for decision the question of whether or not money claimed exempt from execution under § 24–6–1, N.M.S.A.1953, and still in the hands of a Special Master appointed by one court is subject to garnishment to satisfy a judgment recovered in another court in this state.

From a transcript which contains the most meager facts we gather that appellee had recovered judgment against appellant in this cause in the District Court of Eddy County, New Mexico. A writ of garnishment against one Joseph G. Whitehouse, Special Master, was sued out. It appears that in the District Court of Bernalillo County, New Mexico, in a cause in which one J. C. Acton was plaintiff, and the appellant here and others including appellee were defendants, being cause No. 71777 on the docket of said court, Joseph G. Whitehouse had been named Special Master to make sale of certain real estate of appellant and to make distribution of any amounts received on the sale according to priorities as determined by the court.

In the judgment entered in cause No. 71777 wherein the Special Master was named there is a finding that appellant and his wife (who was a defendant in that cause but is not in this one) were entitled to a family homestead exemption of $1,000, and it was ordered that said amount be paid to them from the proceeds of the sale after specified prior obligations had been satisfied. It further appears that the $1,000 exemption adjudged to appellant is being held by the Special Master, Whitehouse.

The judgment appealed from herein merely recites that the court having considered appellant's answer and the briefs filed by the parties is "of the opinion that the funds in the hands of said Special Master are subject to garnishment in this cause" and then renders judgment in favor of appellee and against appellant therefor.

Appellant argues that the court erred in upholding the garnishment, first because the

exemption had been allowed in the Bernalillo County case in which appellee was a party and the attempt to question what was done in that case is in effect a collateral attack and appellee was estopped to do so. He also argues that money in the hands of a Special Master which has been adjudged to appellant under his claimed exemption could not be garnisheed.

There can be no question that appellee in the present action could not here attack the Bernalillo County judgment granting the exemption. That court had jurisdiction in the premises and if it acted erroneously, which we do not find to be the fact, its judgment would still stand as a valid holding not subject to collateral attack. Acequia del Llano v. Acequia de Las Joyas del Llano Frio, 25 N.M. 134, 179 P. 235; State v. Patten, 41 N.M. 395, 69 P.2d 931; Metzger v. Ellis, 65 N.M. 347, 337 P.2d 609. Appellee appears to be laboring under a mistaken idea that cause No. 71777 was a mortgage foreclosure where exemption would have been waived by the mortgagors. This was a foreclosure of a lien of a judgment obtained in a suit on a note and the exemptions of § 24–6–1, N.M.S.A.1953, were certainly available to appellant. However, as stated above, this is totally immaterial.

This being true could the money exempt under the statute be garnisheed while in the hands of the Special Master appointed by the court? The general rule applied almost universally is to the effect that absent statutes providing otherwise, property of a debtor in custodia legis is not subject to garnishment.

We so held in Mundil v. Hutson, 33 N.M. 388, 268 P. 566, 567, 59 A.L.R. 522, which was a case in which the sheriff took possession of property under an attachment which was later discharged after trial. Thereupon, the same creditor who had sued out the attachment sought by garnishment to reach the property in the hands of the sheriff before he returned it to the defendant. We decided that money is in "custody of the law where it is held to be disposed of in some particular manner prescribed by law, or according to orders of the court." Applying this rule to the instant case there can be no question that the money in the hands of the Special Master was in custody of the law. However, that case goes further, and although appellee here does not cite it, he relies on the rule therein set forth to the effect that when the court has determined to whom the money in the possession of the court's officer should be delivered, whereupon he becomes responsible to that person rather than to the court, the same is subject to garnishment. Whether or not the money in the hands of the Special Master in this case was subject to garnishment under this rule we do not need to decide because the money here in dispute differs in a material respect from

that being ruled upon in Mundil v. Hutson, supra, this being money set aside under our exemption statute, § 24–6–1, N.M.S.A.1953.

 Does this difference require a different result? We conclude that it does. In the case of McFadden v. Murray, 32 N.M. 361, 257 P. 999, 1000, we held that exemption statutes should be liberally construed, and further in that case we stated "Garnishment is not a device by which exempt property may be reached."

In that case the question decided was that a person whose wages were garnisheed was entitled to the benefits of the exemption statutes. See also Dowling-Moody Co. v. Hyatt, 39 N.M. 401, 48 P.2d 776. The situation here before us differs somewhat. However, it seems to us that the result would be rather anomalous if upon an exemption being granted appellant in one case, the money determined to be exempt was held to be immediately subject to garnishment in another action. The money being exempt under the statute, it was not subject to garnishment or if successfully garnisheed could be claimed exempt upon timely application as provided in § 24–6–4, N.M.S.A.1953. Black Hills Telegraph & Telephone Co. v. Mitchell, 11 S.D. 615, 79 N.W. 999, 74 Am.St.Rep. 830. See note in 166 A.L.R. 272, at page 304, as to question of liability of garnishee where he fails to advise court that property garnisheed was exempt. Also compare Congress Candy Co. v. Farmer, 73 N.D. 174, 12 N.W.2d 796, 150 A.L.R. 1316. The conclusion we have reached is in accord with the purposes of the exemption statute which is to "prevent families from becoming destitute as the result of misfortune through common debts which generally are unforeseen * * *" Hewatt v. Clark, 44 N.M. 453, 103 P.2d 646, 649.

 As already indicated, the judgment in cause No. 71777 is res judicata of the question of the right of appellant to hold the $1,000 exempt as against any claim of appellee. Appellant was adjudged to be entitled to hold that amount as superior to any rights of appellee in cause No. 71777, wherein appellee was a party, was served with process but failed to appear and answer. How he can avoid the effects of that judgment by employing garnishment out of another court to reach the money, we fail to understand. The question of the right of appellant to the exemption having been presented to the court of Bernalillo County in cause No. 71777, and it having been necessarily decided in that action where appellee here was a party, the judgment there arrived at operates as an estoppel in connection with such questions in another action between the same parties. Paulos v. Janetakos, 46 N.M. 390, 129 P.2d 636, 142 A.L.R. 1237; Terry v. Pipkin, 66 N.M. 4, 340 P.2d 840.

Finally, we would call attention to the language of § 26–2–20, N.M.S.A.1953, which provides that when it appears from garnishee's answer, "or adjudged upon issue tried, that the garnishee has in his possession * * * any effects of the defendant *subject to execution*" then the court shall order the same delivered in order that they be applied on defendant's debt. We note that the statute provides that the determination may be made not only from garnishee's answer, but also after trial of the issue after answer as appears to be the situation in the instant case. Further, we note that the property that must be delivered is that in the hands of garnishee which is "subject to execution." As has already been seen, property exempt under § 24–6–1, N.M.S.A.1953, would not be property subject to execution, and accordingly would be free from garnishment. See Congress Candy Co. v. Farmer, supra.

It follows from what has been said that the court erred in entering judgment for appellee denying to appellant the benefit of the exemption. The judgment appealed from is accordingly reversed and the cause remanded with instructions to proceed in a manner not inconsistent herewith.

It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.

CARMODY and NOBLE, JJ., not participating.