**In re Byron and Janice JONES, Debtors, Appellants,**

v.

**David F. BOYD, Jr., Trustee, Appellee.**

**Civ. No. 89–0889–JB.**

United States District Court, D. New Mexico.

June 18, 1991.

Michael K. Daniels, Albuquerque, N.M., for appellants.

David F. Boyd, Albuquerque, N.M., for appellee.

## MEMORANDUM OPINION AND ORDER

BURCIAGA, Chief Judge.

THIS MATTER is before the Court on Appellants Byron and Janice Jones' appeal of the order entered by the Bankruptcy Court for the District of New Mexico sustaining Chapter 7 Trustee's objection to Debtors' claims of Motor Vehicle Exemption. Having reviewed the pleadings, the evidence of record, and the relevant law, the Court hereby reverses the Bankruptcy Court's denial of the Debtors' claims under the Motor Vehicle Exemption.

This case arises out of the Chapter 7 bankruptcy filed by Byron and Janice Jones ("Debtors"). Pursuant to N.M.Stat. Ann. § 42–10–1 (Cumm.Supp.1990), each Debtor claimed a $4,000.00 motor vehicle exemption in their 1988 Subaru station wagon, then valued at approximately $7,800.00. However, the Trustee objected to Debtors claimed motor vehicle exceptions on the grounds that Debtors could not aggregate their $4,000.00 exemptions in a single vehicle. The Bankruptcy Court sustained Trustee's objection. *See* Order (July 26, 1989). Debtors subsequently filed their notice of appeal.

■ Since the Bankruptcy Court's ruling is a conclusion of law and their are no disputed facts, such a ruling is subject to de novo review. *See Hall v. Vance*, 887 F.2d 1041, 1043 (10th Cir.1989). The sole issue on appeal is whether § 42–10–1 prohibits each joint debtor from aggregating their respective $4,000.00 motor vehicle exemptions in a single vehicle.

■ Section 42–10–1, entitled "Exemptions of Married Persons or Heads of Households," provides, in pertinent part that:

> ... one motor vehicle in the amount of four thousand dollars ($4000), ... is exempt from receivers or trustees in bankruptcy ...

The plain language of the statute permits each debtor to exempt $4,000.00 worth of equity in a single motor vehicle. The only apparent limiting language, other than the maximum $4,000.00 exemption, is that a debtor is precluded from exempting equity in more than one car. Nothing in the statute prevents the Appellants from stacking their motor vehicle exemptions in the same vehicle. *See State v. Elliott*, 89 N.M. 756, 557 P.2d 1105 (1977) (Court must apply statute as written and, where it is free from ambiguity, there is no room for construction). Furthermore, even if an ambiguity exists, exemption statutes are to be liberally construed in favor of the Debtors. *See Laughlin v. Lumbert*, 68 N.M. 351, 354, 362 P.2d 507 (1961).

All bankruptcy debtors, single or married, are to be treated equally, *i.e.*, allowed the same set of exemptions. *See* N.M.Stat. Ann. §§ 42–10–1, –2; 11 U.S.C. § 522(m); *In re Arnold*, 33 B.R. 765, 767 (Bankr. E.D.N.Y.1983) ("... a joint debtor shall not have any of his or her right to claim exemptions allowable under an applicable exemption statute impaired as a consequence of an election to file a joint petition"). Accordingly, this Court agrees with Appellants that under the Trustee's interpretation, a family owning two cars would be able to exempt a total of $8,000 ($4,000 in each vehicle), but a family owning only one vehicle would be limited to exempt $4,000. Such a result is inequitable, is not supported by the statutory language, furthers no legislative policy articulated by Appellee, and will not be endorsed by this Court.

An examination of the similarly worded federal motor vehicle exemption statute, 11 U.S.C. § 522(d)(2), (m) and its interpretation supports this Courts' ruling. Section 522(d)(2) of title 11 provides:

> The following property may be exempted.... The debtor's interest, not to exceed $1,200 in value, in one motor vehicle.

It is undisputed that under the federal exemption joint debtors may stack their motor vehicle exemptions in a single automobile. *See In re Lambert*, 10 B.R. 11, 13

(Bankr.N.D.Indiana 1980); *see also* Transcript of Hearing, p. 2, lines 10–13. As with § 40–10–1, the only limiting language in § 522(d)(2), other than the maximum $1,200.00 exemption, is that no debtor can spread his or her exemption among more than one car. The Court is not persuaded by Appellee's argument that the inclusion of the term "interest" in the federal statute sufficiently distinguishes it from the state statute. This distinction is too technical and strained. *See In re Sandoval*, 102 B.R. 220, 222 (Bankr.D.N.M.1989) (the Bankruptcy code should not be mechanically applied, but rather the Bankruptcy Court should exercise its equitable powers to see that substantial justice is done).

For the foregoing reasons, the Court shall reverse the Bankruptcy Court's denial of the Debtors' Motor Vehicle Exemptions under § 42–10–1.

Wherefore,

IT IS ORDERED, ADJUDGED AND DECREED that the Bankruptcy Court's Order of July 26, 1989 be, and hereby is, REVERSED.