## Simeon Folsom and another v. Emanuel Teichner.

*Dissolution of attachment.* In proceedings before a circuit court commissioner under the statute (*Comp. L. 1871*, §§ 6428–31) for the dissolution of an attachment issued upon an affidavit that "the plaintiff has good reason to believe that the defendant has absconded from the state," etc., a showing that the defendant had not, in fact, absconded, will authorize an order of dissolution, notwithstanding the plaintiff had good reason to believe to the contrary.

*Dissolution of attachment: Statute construed.* The provision of the statute (*Comp. L. 1871*, § 6430), that if the commissioner "shall be satisfied that such plaintiff has not a good and legal cause for suing out the writ," he may order the attachment dissolved, etc., refers to the state of facts made to appear at the hearing before him, and not what appeared to the plaintiff when the affidavit was made; and the "good and legal cause" must be one existing in fact and not merely in the belief of the plaintiff, however well founded that belief may have appeared to him to be.

*Heard April 12. Decided April 22.*

*Certiorari* to circuit court commissioner for Wayne county.

*Ward & Palmer* and *C. I. Walker,* for plaintiffs in *certiorari.*

*Moore & Griffin,* for defendant in *certiorari.*

Christiancy, Ch. J.

The only question in this case arises upon the affidavit annexed to a writ of attachment issued from the circuit court for the county of Wayne.

The affidavit, after stating the indebtedness in due form, states that the plaintiff has good reason to believe, that the defendant has absconded from the state, to the injury of his creditors. This was in compliance with *section 2 of chapter 114 of the Revised Statutes of 1846,* (*Comp. L. 1871,* § *6398*), sub-division "first," and was sufficient to entitle the plaintiff to the writ in the first instance, and to warrant the seizure of defendant's property under it.

But the defendant in attachment applied in due form to a circuit court commissioner, under the act of April 7, 1851 (*Comp. L.,* §§ *6428–31*), for a dissolution of the attachment, the plaintiff being cited to show cause why the attachment should not be dissolved and the property attached restored to the defendant.

The commissioner upon the hearing found that the defendant had not absconded, but that the plaintiff, at the time of making the affidavit, had good reason to believe that he had.

The commissioner dissolved the attachment, and the plaintiff has brought the proceeding before us by *certiorari,* his counsel insisting that the fact found, that the plaintiff had good reason to believe the defendant had absconded, was sufficient, not only to warrant the issuing of the writ and seizure of the property, but to maintain the writ and hold the property, though the defendant had not absconded, in fact.

This argument assumes, and the plaintiff's counsel frankly admits it, that notwithstanding the plaintiff had good reason to believe the defendant had absconded, yet that the plaintiff was mistaken, the inference that he had absconded was false, and if the plaintiff had known the facts as they really were, he could not have made the affidavit, or

obtained the writ. Shall his own mistake as to the facts: give him a right to maintain the writ, when, if he had known the facts and stated them according to the truth, he would not have been entitled to it?

This, if we are to give effect to the substance and intention, rather than the mere form of legislative enactments, would seem to involve a singular inconsistency.

But the plaintiff's counsel relies upon the language of a part of the third section of the act of 1851, in reference to the dissolution of attachments, that, "if said judge or commissioner shall be satisfied that such plaintiff *has* not a good and legal cause for suing out such writ," he may order the attachment dissolved, etc. This, he insists, implies that if the plaintiff *had,* when the writ was issued, a good cause for suing it out, it is not to be dissolved. But this language, "has not a good and legal cause," etc., understood in its strictly literal sense, and, without reference to other portions, and the obvious purpose of the act, can hardly be said to involve this particular implication; and when considered with reference to all the other provisions of the act and the obvious purposes of the remedy provided by it, it is clear, we think, beyond all controversy, that this language refers to the state of facts made to appear at the hearing before the commissioner, and that the "good legal cause," which alone can sustain the writ on such hearing, must be a cause existing in fact, and not merely in the belief of the plaintiff, however well founded that belief may have appeared to him to be. This, we think, is the fair literal meaning of the words.

This point was in effect so decided by this court in *Hyde v. Nelson, 11 Mich., 353.* And though this precise question was not necessarily involved in the decision in *Macumber v. Beam, 22 Mich., 396,*—what was there said being rather by way of illustration only, and, therefore, as plaintiff's counsel very properly treated it, of no binding authority as a decision; still we are all of opinion that the

views there expressed give a true exposition of the statutes in question.

We see no error in the proceedings before the commissioner, and those proceedings must be affirmed, with costs to defendant in error in this court.

The other Justices concurred.