J. A. BRUCE, plaintiff in error, *vs.* W. B. CONYERS, defendant in error.

1. Attachment may be dismissed for defective affidavit after replevy bond has been given. The security on the replevy bond is not bound if the property replevied was not bound. A void attachment will neither uphold the levy nor a bond given to supersede the levy.

2. Judgment dismissing attachment is, in its nature, final, and is the subject of a separate writ of error, notwithstanding the cause may still be pending in the court below on the declaration to have a recovery upon the merits as if the suit had been brought by ordinary process.

.3. An affidavit to obtain attachment for purchase money, under sections of the Code, 3293 and 3294, must contain a description of the property for which the debt was created, and such description must be sworn to positively and not simply to the best of the plaintiff's knowledge and belief. Affidavit "that to the best of deponent's knowledge and belief the following is a correct list and description of the property for which said debt was created, to-wit: four fancy decanters, one vase," with a great number of other articles set forth in like manner, is not positive, and for that reason the attachment issued thereon is void, and was properly dismissed on motion: See 23 *Georgia Reports*, 480; 48 *Ibid.*, 12.

Attachment. Practice in the Supreme Court. Before Judge BUCHANAN. Carroll Superior Court. April Adjourned Term, 1875.

Bruce, for the purpose of obtaining an attachment against Conyers, made affidavit that the latter was indebted to him $719 19, for the purchase money of articles now in his possession; that he apprehended the loss of his debt, or of some part of it, unless processs of attachment issued; that, to the best of his knowledge and belief, the following was a correct list and description of the articles for which the debt was created: four fancy decanters, etc. A levy was made and Conyers replevied. A declaration was filed and personal service effected on defendant. When the case was called for trial, a motion was made to dismiss the attachment because of the insufficiency of the affidavit. The motion was sustained and plaintiff had an exception *pendente lite* entered of record. Subsequently a bill of exceptions was filed to this ruling, and this branch of the case was brought up independently of the personal suit. What became of that does not appear.

Error is assigned upon the dismissal of the attachment.

GARTRELL & STEPHENS; MABRY & REESE, for plaintiff in error.

A. B. CULBERSON; AUSTIN & HARRIS; J. B. S. DAVIS, for defendant.

BLECKLEY, Judge.

1. The motion to dismiss the attachment was not too late: 48 *Georgia*, 12. The defendant having filed no plea, the case was not at issue upon the merits; consequently, the 15th rule of court, and the case in 44 *Georgia*, 454, were no obstacles to the motion. I should hesitate to pronounce them obstacles at any stage of the proceedings, even after issue joined on the merits of the action, where, as here, the defect in the affidavit is patent, and one that renders the attachment absolutely void.

The attachment, whether good or bad, brings the defendant into court, if he is served with notice, or if he appears and defends, or if he replevies the property, and he remains in court, though the attachment be dismissed: Code, sections 3309, 3313, 3328 ; 46 *Georgia*, 225 ; 53 *Ibid.*, 558. Motion to dismiss the attachment is, therefore, not a denial that the process is sufficient to bring him into court, but a denial of its sufficiency to seize and hold his property. Such a motion goes to the writ, while a plea to the merits goes to the action. The two things, under our present statutes, are perfectly consistent. Perhaps they were not so until statutory provision was made for proceeding with the action notwithstanding a dismissal of the attachment. The obstacle insisted upon here was that the property had been replevied. But surely that ought not to cut off a motion to dismiss the attachment. The defendant was obliged to replevy in order to regain the possession of his property without litigation: If the attachment, when read in connection with the affidavit, was void, could it uphold a levy, or a statutory bond executed in consequence of the levy ? We think not. Such an attachment is as subject to be dismissed after, as before, a replevy bond has been given: 53 *Georgia*, 558. Ordinarily, a replevy bond will dissolve an attachment, but where there is no valid attachment, and the defect is not amendable, there is nothing to dissolve. A void thing cannot be made the less void by calling it dissolved.

2. It was made a question in the argument of the case whether this writ of error was not prematurely brought. We think it was not, for the reason that the whole attachment element was disposed of by dismissing the attachment. The decision was final as to it, and any judgment which the plaintiff might recover on his declaration thereafter would have no aid from the levy of the attachment. It would take lien only from the date of the judgment, (51 *Georgia*, 241,) and, as we have seen, the security of the replevy bond would be lost. To maintain his attachment, it was the right of the

plaintiff to have the judgment dismissing it reviewed by a separate writ of error: 53 *Georgia*, 442.

3. Our ultimate ruling in affirming the judgment is sufficiently set out in the third head-note.

Judgment affirmed.