### GEORGE P. BLANCHARD v. JAMES H. BROWN.

*Damages for wrongful attachment—Custody of the property.*

In a suit for damages from a wrongful attachment, the affidavit for attachment and the other proceedings are properly put in evidence by the defendant.

A writ of attachment is good if the party who sues it out has good reason to believe that a proper cause exists for it; but in proceedings to dissolve it, the existence of reasons for his belief is not necessarily in issue, but the court inquires whether the defendant had actually done as plaintiff believed.

In an action for damages from a wrongful attachment, where malice is neither alleged nor shown, it is assumed that there was no wrong in issuing the writ.

Attached property is under the control of the officer attaching it, and not of the plaintiff in attachment, and the latter is not responsible for its detention after dissolution of the writ; it is for the defendant to see to the enforcement of the order restoring the property.

Error to Superior Court of Grand Rapids. Submitted October 17. Decided October 28.

TRESPASS ON THE CASE for damages. with a count in trover for conversion. Plaintiff brings error.

*D. E. Corbitt* for plaintiff in error. One whose goods are attached wrongfully may recover damages (*Kirksey v. Jones*, 7 Ala., 622) and need not rely on the attachment bond, but may proceed at common law, *Saunders*

*v. Hughes,* 2 Brev. S. S., 495; the right of action on the bond accrues as soon as the defendant in attachment is disturbed in his possession, *Campbell v. Chamberlain,* 10 Iowa, 337; in an action on the case for wrongful attachment, it is enough to show the want of probable cause, *Kirkham v. Coe,* 1 Jones (N. C.) Law, 423; if the alleged cause does not exist, the plaintiff is answerable for the injury sustained by defendant in suing out the attachment, *Alexander v. Hutchison,* 9 Ala., 825; if the property attached has been converted, but the wrong-doer offers to return it, the owner is not bound to receive it, *Higgins v. Whitney,* 24 Wend., 379; *Otis v. Jones,* 21 Wend., 394; where the attachment bond was defective, trover lay for the value of property attached, *Tiffany v. Lord,* 65 N. Y., 310.

*J. W. & O. C. Ransom* for defendant in error. Trover will not lie for goods taken under process and in the custody of the law, *Jenner v. Joliffe,* 9 Johns., 381; nor will replevin lie for goods in the custody of the law, *Thompson v. Button,* 14 Johns., 84; *Gardner v. Campbell,* 15 Johns., 402; *Mills v. Martin,* 19 Johns., 7; *Ilsley v. Stubbs,* 5 Mass., 282; *Hall v. Tuttle,* 2 Wend., 475; where the facts do not of themselves amount to actual conversion, it is incumbent on the plaintiff to give evidence of a demand and refusal before suit, 2 Greenl. Ev., § 644; *Vincent v. Cornell,* 13 Pick., 294; *Kinder v. Shaw,* 2 Mass., 398.

CAMPBELL, C. J. Plaintiff sued defendant for damages claimed to have resulted from a wrongful suit in attachment under which plaintiff's property was levied on by the under-sheriff of Kent county. The attachment was dissolved, and the action of the circuit court commissioner was affirmed by this court on certiorari in November, 1878. Some facts were relied on to show a wrongful detention which plaintiff claims to have been equivalent to a conversion, after the affirmance of the action of the commissioner.

The plaintiff on the trial proved a taking by the under-sheriff under claim of an attachment, and of Brown's co-operation therein, and showed the value of the property. He introduced no other testimony.

The defendant then offered the affidavit and other attachment proceedings, which were admitted under objection. There is some difficulty in determining which party showed the subsequent proceedings, which included in addition to the certiorari and affirmance of the commissioner's order, an order by the circuit judge staying proceedings under the dissolving order pending the certiorari. There was also evidence of what occurred after the affirmance of that order, on which the claim of conversion is founded.

We cannot understand the reason for objecting to proof of the attachment proceedings, when plaintiff expressly declared on them as the chief ground of action. They were clearly admissible.

There was no allegation in the declaration, of malice, and there was no proof whatever that Brown had not good reason to suppose Blanchard guilty of such conduct as justified him in suing out the writ. The record does not show on what allegations it was sued out. Under our statutes, if a party has good reason to believe a proper cause exists, his writ is good. It is not denied this showing was made. Counsel for plaintiff seem to have supposed that a commissioner in acting on a petition to dissolve an attachment must necessarily pass upon the question whether plaintiff had good reason for his belief. This is a mistake. The commissioner inquires whether the defendant has actually done what plaintiff believes him to have done. His exoneration of the defendant is perfectly consistent with the existence of good reasons for the plaintiff's belief in such guilt. The existence of reasons for plaintiff's belief is not necessarily in issue at all. *Folsom v. Teichner*, 27 Mich., 107.

Assuming, therefore, what we are not prepared to hold without further consideration, that want of good

reason to believe defendant's misconduct, where there is no malice alleged, is a ground of action, there was in the present case no legal evidence of that fact; and in the absence of such testimony it must be assumed there was no wrong in suing out the writ.

The property after levy was under control of the officer and not of the plaintiff in attachment, and the latter is not responsible for its further custody. If there was any necessity for urging the officer to diligence in restoring the property, it was the business of the defendant in attachment to see to the enforcement of the order of restoration which he had procured.

There was no evidence that Brown was responsible for anything but suing out the attachment, and no evidence that this was wrongful. We do not, therefore, deem it necessary to discuss the other law points, which in our opinion are foreign to the record.

The judgment must be affirmed with costs.

The other Justices concurred.