ANTHANISSEN v. THE BRUNSWICK AND SOUTH ATLANTIC
    STEAM TOWING AND WRECKING COMPANY.

ANTHANISSEN v. DART et al.

1. Under the act of Feb. 24, 1877 (Pamphlet p. 106; Code Add. p. V),
   the special bailiff of a county court is authorized to serve a sum-
   mons of garnishment upon the sheriff of the county, and when
   such bailiff had made an entry of service signing the entry as
   bailiff, although it was error to allow the return of service to be so
   amended as to make it appear that the officer was an "acting con-
   stable" in making the service, the error was harmless, the facts
   showing that the service was good.
2. The fact that the attorney at law of the plaintiff in attachment
   signed the plaintiff's name to the attachment bond when the lat-
   ter had himself made the affidavit to obtain the attachment, does
   not necessarily require a dismissal of the attachment. If signing
   the plaintiff's name by the attorney was not, under the circum-
   stances, lawful, the bond was amendable.
3. Where property expensive to keep was levied on by virtue of an
   attachment and sold by the sheriff under an order of the judge
   of the superior court according to the provisions of section 3648
   of the code, the sheriff retaining the money subject to the order
   of the court, and thereafter both the attachment and the declara-
   tion based thereon were, on motion of the defendant, dismissed
   for fatal defects, the money in the sheriff's hands was subject to
   garnishment by virtue of a second attachment at the instance of
   the plaintiff in the first. After the first attachment was dismissed,
   the money held by the sheriff belonged to the party from the sale
   of whose property it was realized, he having ratified the sale by
   contesting the garnishment and moving to dismiss a second at-
   tachment upon which the garnishment was issued.

*Judgment affirmed in both cases.*

April 10, 1893.  By two Justices.  Argued at the last term.

Attachment.   Before Judge SWEAT.   Glynn superior
court.   May term, 1892.

Attachments were sued out against Anthanissen, mas-
ter of the Norwegian bark Svalen, and the unknown
owners of that bark, for services rendered under con-
tract for rescuing the bark from a position of peril on
the bar of the Brunswick harbor.   They were levied

upon the bark with her cargo, and by subsequent pro-
ceedings before the judge of the superior court the
vessel and cargo were sold separately, and the money
derived from the sale remained in the hands of the sheriff
under order that it should stand in lieu of the vessel
and cargo, and that the lien of the attachments should
apply to the fund. The attaching creditors filed their
declarations, setting up the foregoing facts, and asking
for judgments against the fund. Because of defects
appearing on the attachments and declarations they were
dismissed. Afterwards the plaintiffs again sued out at-
tachments against the same defendants. They were
issued by Lambright, a justice of the peace, and made
returnable to the superior court, and were executed by
serving summons of garnishment upon the sheriff. The
return of service was signed by Driver as special bailiff
of Glynn county court. Defendant's motion in each
case to dismiss the attachments was overruled, and he
excepted. One ground of the motion was, that the at-
tachment was directed to all and singular the sheriffs
and constables of the State, and the levy was made by
a person having no authority, by direction of the attach-
ment or otherwise, to levy an attachment issued out of
the justice's court and returnable to the superior court.
In reply to this ground, plaintiff moved to amend the
return of service by having Driver substitute for his
official signature the words, " acting constable, justice's
court, 26th district G. M., Glynn county, Georgia." In
support of the motion to amend, Driver testified, that
he had held the office of special bailiff of the county
court for the past ten years, during which time he served
and executed papers for Justice Lambright's court, who
delivered to him the summons of garnishment in ques-
tion, which he served; and that he had never held the
office of constable of any justice's court in Glynn county.
The court allowed the return to be amended over de-
fendant's objection.

Another ground of the motion to dismiss was, that one of the attachments was issued upon the affidavit of Dart, while the bond was signed, not by him, but with his name by his attorneys at law.

The remaining ground was, that the attachment was levied by process of garnishment upon the sheriff, from whose untraversed answer it appeared that he had in his possession $1,437.60 which came to his hands under an order of the court directing him to sell certain perishable property and hold the proceeds until further order, and that he held the same under such order as an officer, and not as an individual.

CROVATT & WHITFIELD and H. F. DUNWOODY, for plaintiff in error.

GOODYEAR & KAY and HARRIS & SPARKS, contra.