[No. 1868, December 8, 1916.]

OWEN v. TERRELL

(SARGENT, State Auditor, et al., Garnishees.)

SYLLABUS BY THE COURT.

1. It is well settled that at common law salaries, fees, or other compensation due public officers or employes cannot be reached and subjected by their creditors in attachment or garnishment.                                    P. 374

2. Chapter 26 of the Laws of 1915 does not by its terms authorize the garnishment of the salary of a public officer.
                                                        P. 375

Error to District Court, Grant County; Neblett, Judge.

Action by H. D. Terrell against O. L. Owen, in which W. G. Sargent, State Auditor, and another, were sum-

moned as garnishees. There was a judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions to dismiss.

See, also, 21 N. M. 647, 157 Pac. 672.

### STATEMENT OF FACTS.

The defendant in error, H. D. Terrell, instituted this cause in the district court of Grant county against the plaintiff in error O. L. Owen, a member of the state corporation commission, and W. G. Sargent, state auditor, and O. N. Marron, state treasurer, as garnishees, seeking to subject the salary of the said Owen, as a member of the state corporation commission, to the process of garnishment to recover the amount of a judgment previously obtained by said Terrell against the said Owen in the district court of Curry county. The theory upon which the complaint is based is that the salary of this state officer is subject to garnishment under the provisions of chapter 26, Laws of 1915. A judgment by default was entered against Owen, and it appearing that the said auditor, as garnishee, had delivered up to the sheriff of Grant county a warrant in due form, drawn to the order of the defendant Owen for $645.08, the amount due the defendant Owen from the state on the 18th day of August, 1915, a final order was made by the district court directing the sheriff to indorse upon the aforesaid warrant the name of the defendant Owen, and that he present the same to the state treasurer, who was directed to pay the warrant, the said sheriff being further ordered to pay the plaintiff, Terrell, the sum of $478.87, accounting to the defendant Owen for the residue of the said warrant, from which judgment and order of the district court this writ of error was sued out.

### OPINION OF THE COURT.

HANNA, J. (after stating the facts as above).—[1] We have not been favored by a brief on behalf of the defendant in error; but it is unquestionably well settled that at common law salaries, fees, or other compensation due public officers or employes cannot be reached and sub-

jected by their creditors in attachment or garnishment. 12 Am. & Eng. Ency. Law (2d Ed.) 69. This doctrine is supported by the overwhelming weight of authority, and the rule was established upon the broad ground of public policy, and is not limited to any kind or class of public officers, but extends to all, including state officers, and is not based upon any idea of benefit to the debtor, but upon the ground that to allow attachment or garnishment in such cases is against public policy, as tending to injure public service.

The same principle is also announced in 20 Cyc. 1030, in the following language:

"In the absence of special statutory enactment, the general rule is that the salaries of public officers or employes, such as officers or employes of towns, cities, villages, counties, or of a state or the national government, cannot be reached by garnishment or trustee process on the ground of public policy."

It was doubtless contended by defendant in error that the enactment of chapter 26 of the Laws of 1915 changed the common-law rule so far as this jurisdiction is concerned, and that, by reason of the provisions of the act in question, the common-law rule is no longer in force in this state.

[2] With this common-law rule in mind, we turn our attention to the effect of chapter 26 of the Laws of 1915, which reads as follows:

"Section 1. That Section 26 of chapter 63 of the Laws of 1909 of the State of New Mexico, * * * be and the same is hereby amended to read as follows: Sec. 26. No person shall be charged as garnishee on account of current wages due from him to a defendant in his employ for more than twenty per cent. of any wages due such defendant for the last thirty days' service unless the wages due said defendant exceed fifty dollars per month. If such wages exceed fifty dollars per month, garnishment may be had for the full amount of the excess above fifty dollars; provided, that no exemption whatever shall be claimed where the debt was incurred for the necessities of life, nor by any person who is not a resident of the state and the head of a family. Excepting in all cases where the plaintiff has a judgment against the defendant in some court of this state, no public officer shall be summoned as a garnishee in his official capacity.

In all cases where the plaintiff has a judgment in some court of the state against the defendant any public officer may be summoned as garnishee, and the return of such public officer shall be by a statement over his official signature of the amount due the defendant, which said statement shall be filed by such public officer without costs in the action. School districts and officers thereof shall not be liable to garnishment."

From a careful examination of this act it appears that, where the plaintiff has a judgment in some court of the state against the defendant, any public officer may be summoned as garnishee. There is no express or implied intent from this act to subject the salary of a public officer to garnishment and therefore no clear intent on the part of the Legislature to change the long-established rule referred to in this opinion. So far as the act itself appears, the Legislature may have only intended to extend the process of garnishment to public officers in cases where such officers had come into possession of property or money of the judgment debtor by virtue of the office or otherwise, as in the case of money deposited with officers, or where funds or property were in custodia legis. It is not for this court to broaden the terms of this act, or by construction read into the act an intention which does not clearly appear. We therefore cannot hold that an intention of the Legislature is apparent from the terms of the act to change the long-established rule to the contrary, and must hold that chapter 26 of the Laws of 1915 does not by its terms authorize the garnishment of the salary of a public officer.

Plaintiff in error has contended that the salary of a constitutional officer cannot be garnisheed, even though the act in question be held to be sufficient to authorize the garnishment of salaries of other public officers, for the reasons that to permit the process in the case of constitutional officers would be to increase or diminish during the term of office the salary of such officer, in violation of the provisions of section 27, art. 4, of the Constitution. This contention seems to receive the support of well-considered cases; but this contention, together with the several other contentions made by plaintiff in error under

his several assignments of error, we do not deem it necessary to consider at this time, in view of our conclusion that the terms of the act have no application to the salaries of public officers.

For the reasons stated, the judgment of the district court will be reversed, and the cause remanded, with instructions to dismiss the complaint, and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.