[Nos. 3254, 3263.    May 3, 1928.    Rehearing
Denied June 6, 1928.]

## MUNDIL v. HUTSON.

[268 Pac. 566.]

F. J. Voorhees and A. C. Voorhees, both of Raton,
for appellant.

F. S. Merriau, of Raton, for appellee.

OPINION OF THE COURT

WATSON, J.    Two appeals, Nos. 3254 and 3263, have
been argued and submitted together, and, as they are
closely related, will be disposed of in one opinion.    In
both Mundil was plaintiff below and is here appellant,
and Hutson was defendant, and is here appellee.    They
will be referred to as plaintiff and defendant respectively.

Plaintiff's cause of action was an indebtedness of some
$1,800.    He filed an affidavit in attachment, alleging, in
addition to the indebtedness:

"That he has good reason to believe, and does believe, that the defendant is about to fraudulently convey, assign, conceal, or dispose of his property or effects so as to hinder, delay, or defraud his creditors."

The sheriff of Colfax county attached certain wheat and barley in the shock and oats growing in the field. Upon plaintiff's petition the court made an order for the sale of said property as perishable under Code 1915, § 4319 et seq., appointing the sheriff as special receiver, and requiring of him a bond. Under this order the property was sold and the proceeds remained in the hands of the special receiver.

After the sale defendant traversed the attachment affidavit, denying "that he is about to fraudulently convey, assign, conceal, or dispose of his property or effects, so as to hinder, delay, or defraud his creditors, and therefore denies the truth of the said statement in said affidavit contained and demands strict proof thereof." Upon trial of the attachment issue, evidence was adduced on the part of plaintiff. Without introducing any evidence, defendant moved to dissolve the writ. The motion was sustained. The court found that:

"The evidence is insufficient to show that the defendant was, at the time the affidavit in attachment was made, about fraudulently to convey or assign, conceal, or dispose of his property and effects, so as to hinder, delay, or defraud his creditors, and is insufficient to show that the plaintiff, or his agent or attorney, had good reason to believe that he was about so to do."

The court thereupon dissolved the attachment lien and ordered the property "returned to the defendant by the sheriff of Colfax county and custodian thereof." Upon the same day the court heard the issue of indebtedness and rendered judgment for the plaintiff.

After the dissolution of the attachment and the recovery and entry of judgment for the plaintiff on the indebtedness, and before there had been any restitution of the proceeds of the attached property, plantiff obtained a writ of garnishment upon his affidavit "that defendant has not, within his knowledge, property in his possession within the state of New Mexico, subject to execution, sufficient to satisfy said judgment." The writ was served

upon the sheriff and special receiver, who answered that when the same was served he had in his possession, by virtue of the aforesaid order discharging the attachment, funds belonging to the defendant in the sum of $818.83.

Thereupon defendant moved to dissolve the garnishment on the ground that the garnishee, as sheriff and custodian, was an officer of the court and that the funds garnished were in the court's custody. The motion was sustained.

Appeal No. 3254 is from the dissolution of the attachment and appeal No. 3263 is from the dissolution of the garnishment.

It seems unnecessary to set forth the evidence upon which the trial court made the finding above quoted and dissolved the attachment. While plaintiff maintains that the evidence was sufficient to establish, prima facie, that defendant was about to dispose of his property in the manner alleged, this is not his main proposition. As to this, it is sufficient to say that, having carefully considered the evidence, we find no error in holding it insufficient to establish such intent or purpose.

Plaintiff's principal contention is that the evidence was sufficient to warrant the affiant in his asserted belief that defendant was about to dispose of his property as stated. The contention rests entirely upon the theory that plaintiff had but to prove good reason to believe and actual belief. We do no so interpret our statute. Code 1915, § 4299 et seq.

Section 4299 specifies the grounds for attachment. Section 4302 requires an affidavit stating that affiant has good reason to believe and does believe the existence of one or more of the grounds. Section 4316 permits the defendant to answer, "denying the truth of any material fact contained in the affidavit." This leads to a trial "of the truth of the affidavit," and requires the plaintiff "to prove the existence of the facts denied." It is to be admitted that there is ambiguity here. It requires interpretation to determine whether the issue is upon affi-

ant's belief, and good reason to believe, or upon the defendant's intent.

In 6 C. J. at page 425, it is said:

"That the attaching creditor has reasonable cause for believing that the alleged grounds of attachment existed will not, according to the weight of authority, prevent the vacation of the writ where it is made to appear that such alleged grounds did not in fact exist."

Some of the decisions there cited are not in point because of dissimilarity in controlling statutes. However, we consider that St. Louis Clay Products Co. v. Christopher, 152 Wis. 603, 140 N. W. 351, Folsom v. Teichner, 27 Mich. 107, and Blanchard v. Brown, 42 Mich. 46, 3 N. W. 246, are fairly in point. The statutes under which those cases were decided are not different in principle from ours. Under such statutes, while the creditor may have the writ and effect the lien upon belief, and good reason to believe, he must be prepared to prove the existence of the grounds relied on, if the defendant sees fit to traverse the affidavit. Believing this to be the correct rule, the judgment in No. 3254 should be affirmed.

■ In dissolving the garnishment the court applied what is admittedly the general rule in the absence of modification by statutes, that money or property, in the custody of the law, is not subject to garnishment. Speaking generally, money is in the custody of the law when it is held to be disposed of in some particular manner prescribed by law, or according to orders of court. As the rule affects public officers, this court has had frequent occasion to consider it. Dow v. Irvin, 21 N. M. 576, 157 P. 490, L. R. A. 1916E, 1153; Owen v. Terrell, 22 N. M. 373, 162 P. 171; S. W. S. L. & B. Ass'n. v. Awalt, 22 N. M. 607, 166 P. 1181, L. R. A. 1917F, 1117; Stockard v. Hamilton, 25 N. M. 240, 180 P. 294. The matter is now controlled by Laws 1919, c. 153, the latest modification of Code 1915, § 2546, originally enacted as a part of the garnishment statute. We find no decision of this court, however, affecting the rule as applied to money in the custody of a court, and subject to its order.

The statutory provision is broad enough to cover all cases where the garnishee is indebted to the defendant, or has in his hands effects belonging to the defendant. Counsel agree that in this case the question is whether the garnishee actually was indebted to the defendant. Defendant contends that he was not; that, although the court had made a final order requirng him to make restitution, the relation of debtor and creditor did not exist; and that he was still a mere custodian of a fund under control of the court. While there are some decisions supporting this view, we think the better reason and authority are to the contrary. It is said in 28 C. J. at page. 66:

"This exemption continues as long as the person holding the property is primarily accountable to the court for it. It ceases when he becomes personally accountable to defendant. Accordingly it is generally held that he may be held as garnishee after the purpose of the law's custody has been accomplished, subject, of course, to the condition that the fund or property belongs to the defendant, especially after an order of court to pay or deliver the fund or property to defendant."

Numerous cases are collected in note 80, which, in our judgment, furnish abundant authority for this text. We can see no good reason why the garnishee was not the debtor of the defendant within the meaning of the statute, nor can we see any sound policy to be served by making an exception in such a case as this. So long as money or property is in court and its disposition remains undetermined, there is good reason for refusing to permit the business of the court and the conduct of the particular case to be hindered or embarrassed by garnishment proceedings; but when the court has disposed of the cause and has ordered disbursement of the fund, it is no longer subject to hindrance or embarrassment, and the principal, if not the only, reason for restricting the operation of the garnishment laws, has ceased. Many courts have held under such circumstances that the custodian of the fund, after such an order and before disbursement, is in the situation of a sheriff holding a surplus after satisfaction of his execution; that he is the debtor of the defendant and may be garnished.

Defendant urges that, even though this be the correct rule generally, it should not be applied in this case, where

plaintiff, having failed to sustain his writ of attachment, seeks to hold the same property by garnishment, before restitution has been made of that which was wrongfully taken. He urges that it amounts to an abuse of process, which the court should not permit, and cites numerous cases holding that property taken from a prisoner under color or pretense of criminal process cannot be reached by garnishment, particularly where the plaintiff has been concerned in the prosecution.

But little authority is submitted on the point just stated. Plaintiff cites Anthanissen v. B. & S. A. S. T., etc., Co., 92 Ga. 409, 17 S. E. 951. It does not greatly aid us, since the court does not support its decision by reason or precedent. Defendant relies upon Pace v. Smith, 57 Tex. 555, and particularly upon this passage in the opinion:

"Another reason, and which has much weight with one member of the majority of the court, is, that, as the writ of attachment was quashed, it may be presumed that the same was irregularly or wrongfully sued out, and that the plaintiffs in the attachment suit should not be permitted to take advantage of their own wrong. That having caused the property to be improperly taken from the possession of the defendant Smith, they should not be permitted to follow this up by having the proceeds garnished. That the judgment of the court under the law attempted to correct this wrong by ordering a restitution of the property, and neither Schneider & Davis nor any one else should be permitted to defeat this purpose."

As precedent, Pace v. Smith is of little value. Mr. Justice Bonner, the author of the opinion, evidently disagreed with the conclusions of his two associates. The passage quoted merely states an additional reason, having weight with one of the two, for holding that the custodian's exemption did not terminate with the disbursement order. Such holding we find contrary to the weight of authority, and it has since been repudiated in Texas. Challenge Co. v. Sartin (Tex. Civ. App.) 260 S. W. 313. In that case the question is fully considered on reason and authority. It expressly overrules Pace v. Smith and brings Texas in line with 28 C. J. 66, supra.

We are not prepared to say that the courts may not properly refuse a suitor the benefit of the writ of garnishment when it appears that he has abused other

process of the court to bring the property or money of his alleged debtor into the hands of the garnishee. But we think it would be going far to hold that plaintiff should be deprived of his statutory right of garnishment because his attachment has been dissolved for failure to sustain the alleged ground. The attaching creditor must give bond. If the attachment was wrongful and has damaged the defendant, the law affords a remedy. Damages in a suit on the bond will be commensurate with the injury. But a dissolution of the garnishment is arbitrary. It takes no account of the extent of wrong done or injury suffered. It forfeits a right which the statute gives the plaintiff, because of an invasion of another right of defendant. We think that each of these rights is independent of the other, and that plaintiff, with respect to his garnishment suit, is to be considered as if he had been a stranger to the attachment suit.

It follows that the judgment in No. 3254 should be affirmed, and the cause remanded, and that the judgment in cause No. 3263 should be reversed, and the cause remanded, with direction to overrule the motion to dissolve the garnishment and to proceed further in the cause in accordance herewith.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.