36533. STONE *v.* ATLANTIC ENGINEERING & CONTRACTING CO.

DECIDED MARCH 13, 1957.

*James W. Head,* for plaintiff in error.

*Michael J. Gannam,* contra.

QUILLIAN, J. The plaintiff insists that the question as to the validity of the attachment is now moot and the writ of error

was prematurely brought, because when the defendant put up bond and replevied the property the attachment was dissolved. In the present case the defendant filed his answer subject to the motions to dismiss the attachment and therefore he did not waive his objections to the attachment. In *Bruce* v. *Conyers*, 54 *Ga.* 678 (1, 2), it is stated: "Attachment may be dismissed for defective affidavit after replevy bond has been given. The security on a replevy bond is not bound if the property replevied was not bound. A void attachment will neither uphold the· levy nor a bond given to supersede the levy. Judgment dismissing attachment is, in its nature, final, and is the subject of a separate writ of error, notwithstanding the cause may still be pending in the court below on the declaration to have a recovery upon the merits as if the suit had been brought by ordinary process."

Under the holding of the above case the bill of exceptions in the present case was not premature notwithstanding the defendant had given a bond and replevied the property. In *Woodbridge* v. *Drought*, 118 *Ga.* 671 (3) (45 S. E. 266) it is stated: ". . . the defendant appears and pleads to the merits, and on the trial on the merits such defendant moves to dismiss the attachment on certain technical grounds, it is immaterial whether the trial judge grants this motion or not." The above quotation is in conflict with *Bruce* v. *Conyers* (supra), which is an older case and is controlling as to this question.

■ The plaintiff further insists that the case should now proceed to trial on its merits. With this contention we agree. The replevying of the property attacked was such an appearance and notice of the pendency of the attachment and of the proceedings thereon as would entitle the plaintiff to proceed against the defendant on the declaration filed, and establish his claim as in other cases at common law, even if the attachment had been dismissed. *Camp* v. *Cahn*, 53 *Ga.* 558. Therefore, this case should be tried on the merits whether or not the attachment is void.

■ The four motions to dismiss the attachment are based upon the contention that the affidavit was not made before some judge as required by Code § 8-109, which reads: "Affidavit; necessity for, and by whom made.—Before process of attachment shall

issue, the party seeking the same, his agent or attorney at law shall make an affidavit before some judge of the superior court, judge of the county court, or justice of the peace, that the debtor has placed himself in some one of the positions enumerated in this Title, and also the amount of the debt claimed to be due. When the affidavit is made by the attorney at law or agent of the party, he may swear that the amount claimed to be due is due according to the best of his knowledge and belief."

The act creating the Municipal Court of Savannah (Ga. L. 1915, p. 124), gave the clerk and deputy clerk of that court the power to issue attachments. This act was amended in 1927 to increase the jurisdiction of the Municipal Court of Savannah from $100 to $300. The 1927 act also provided: "(a) That in all civil cases or proceedings in the said Municipal Court of Savannah, in which the principal sum claimed, or the value of the property in dispute, exceeds the sum of one hundred dollars ($100.00) and is not over three hundred dollars ($300.00), the general laws of this State in regard to the commencement of actions in the superior courts, and the defenses thereto, of whatever nature the pleadings, the method of procedure and practice therein, and in regard to the examination of parties to suits or witnesses by interrogatories or under subpoena, witnesses and their attendance, continuance, nonsuit, direction of verdict, mistrial, charge of the court, granting new trials, and other matters of a judicial nature within the jurisdiction of said municipal court, shall be applicable to said municipal court, except as may be hereafter provided by this act." Ga. L. 1927, pp. 455, 457. This act has been amended since 1927, but the amendments do not affect this case.

The act did not thereafter provide that the clerk or deputy clerk could issue attachments for claims involving over $100, therefore the general law as to attachments involving over $100 would be applicable. The general law requires that the affidavit must be made before some judge of the superior court, county court or justice of the peace.

The 1927 amendment had the effect of destroying the clerk's and deputy clerk's authority to issue attachments which involved more than $100. The affidavit, in the present case, having been

made before the deputy clerk, was void, and the judge erred in denying the motions to dismiss the attachment.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*