37143.   POWELL *v.* STINSON'S GARAGE, INC.

DECIDED MAY 13, 1958.

614

*Carl K. Nelson, Nelson & Nelson,* for plaintiff in error.

*Dubignion (Dub) Douglas, Jones & Douglas, E. L. Stephens, Jr.,* contra.

GARDNER, Presiding Judge. Code § 8-111 reads: "The party seeking the attachment shall, before the same issues, also give

bond, with good security, in an amount at least double the debt sworn to, payable to the defendant in attachment, conditioned to pay such defendant all damages that he may sustain and also all costs that may be incurred by him in consequence of suing out the attachment, in the event the plaintiff shall fail.to recover in said case; which bond it shall be the duty of the magistrate or other officer before whom the affidavit is made to take. . ." See also Code § 8-303. The requirements of Code § 8-111 are mandatory and prerequisite requirements to the issuance of an attachment. There was attached to the affidavit in this case and as a part of the attachment proceedings a purported bond executed by Murray Stinson, an individual, and with W. B. Tarpley, an individual as security, as shown in the bond which we have quoted hereinabove. This was an individual under- taking of Murray Stinson and W. B. Tarpley. It was not and did not purport to be an obligation or undertaking of the cor- poration, Stinson's Garage, Inc., as required by. law. If the bond had been given or made by the corporation as the plaintiff in attachment or executed in its name or behalf by the proper officers of the corporation and there had been some defect in the bond such as omission of the name of the obligee, or the incorrect amount of the penalty, or some inadvertent typographical error therein, these things could have been amended under the pro- visions of Code § 8-610.

In *Copeland & Co. v. Monroe*, 16 *Ga. App.* 586 (85 S. E. 789) this court said: "A defective attachment bond is amendable, but a paper purporting to be such a bond, signed by a plaintiff firm as principal and with no other security than a member of the partnership which had signed the bond as principal is void as an attachment bond. The signature of an individual member of the partnership adds no force or value to the obligation, and pro- vides no additional security in behalf of the defendant, and hence the signing of such a bond by one of the members of the firm individually is ineffectual to provide security upon the at- tachment bond as required by law, and amounts to no more than if no one had attempted to sign the attachment bond as security. . . . The provisions of section 5062 of the Civil Code apply in cases where an attachment bond is insufficient as to amount or

where the solvency of the security is questionable, but this section of the Code does not authorize the amendment of a bond which is absolutely void, or permit the filing of an attachment bond for the first time at the trial term. The lower court did not err in refusing to allow the amendment of the attachment bond, nor in dismissing the attachment on the ground that no bond had been given as required by law."

In this connection see also *Bryan Bank* v. *Carter*, 57 *Ga. App.* 519 (196 S. E. 228) wherein this court said: "Therefore, where a named bank sued out an attachment against another, and gave the required bond, signed by one as president of such bank, and thereafter the defendant in attachment moved to dismiss the same on the ground that the bond as executed was not a valid and binding obligation of the bank but only of the person signing the same, and this motion was sustained and an amendment making the bond a valid obligation of the bank was rejected, the defendant in attachment can not thereafter maintain a suit against the bank on such bond as its obligation. The bond sued on is void so far as the bank is concerned. It is not an obligation enforceable against the bank. The plaintiff having successfully contended that the bond sued on was void, not merely defective, may not now bring an action on such bond, and assert its validity."

In *Gibbs* v. *Rhodes Furniture Co.*, 58 *Ga. App.* 352 (198 S. E. 315) this court held that a suit against a corporation can not be amended by converting it into a suit against an individual. It follows that a bond signed by an individual can not be changed by amendment to a bond signed by a corporation. See also *Stone* v. *Atlantic Engineering &c. Co.*, 95 *Ga. App.* 312 (97 S. E. 2d 709).

Counsel for the defendant call our attention to *Sutherlin* v. *Underwriters' Agency*, 53 *Ga.* 442; *Ellison* v. *Ga. R. & Bkg. Co.*, 87 *Ga.* 691 (13 S. E. 809), and *Anthanissen* v. *Brunswick & South Atlantic Steam &c. Co.*, 92 *Ga.* 409 (17 S. E. 951). These cases are not applicable to the facts in the instant case.

The court erred in the judgment refusing to dismiss the attachment.

*Judgment reversed.* *Townsend and Carlisle, JJ., concur.*