In re **ALBUQUERQUE WESTERN SOLAR INDUSTRIES, INC., Debtor.**

**ALBUQUERQUE WESTERN SOLAR INDUSTRIES, INC., Plaintiff,**

v.

**SMALLEY & COMPANY, Defendant.**

**Bankruptcy No. 11–83–00764 MA. Adv. No. 84–0022 M.**

United States Bankruptcy Court, D. New Mexico.

Jan. 16, 1985.

Harold M. Morgan, Albuquerque, N.M., for plaintiff.

Mary Vermillion, Albuquerque, N.M., for defendant.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the defendant's motion for judgment on the pleadings. This motion is based on a complaint to avoid a judicial lien pursuant to 11 U.S.C. 547(b). The parties stipulated to the facts of the case. The Court must decide if a lien attached to moneys held in the registry of the Bernalillo County District Court, and if it did attach, the date of attachment. For the sake of clarity of this decision, the

stipulated facts will be set forth in this opinion prior to addressing the issue.

A. *Stipulated Facts*

1. On July 16, 1980, judgment was entered in favor of Smalley & Company and against Albuquerque Western Solar Industries, Inc., in Bernalillo County Cause No. CV 80–04547 in the total amount of $3,139.75 and bearing interest at the rate of ten percent per annum. A transcript of said judgment was recorded in the records of the Bernalillo County Clerk on July 24, 1980, in Book Misc. 787, page 238.

2. On May 7, 1982, the sum of $22,-860.00 was deposited in the Bernalillo County Court Registry pursuant to the Order of the District Court in *Meyer v. Albuquerque Western Solar Industries, et al.*, Cause No. CV 80–08426. These funds represented royalties due to Albuquerque Western Solar Industries, Inc. pursuant to a licensing agreement between Albuquerque Western Solar Industries, Inc. and Tulsa Pipe and Supply Company.

3. On August 4, 1982, ten months prior to the filing of the petition for relief in this Court, Smalley & Company caused to be served on the Bernalillo County District Court Clerk a Writ of Execution levied against the sum belonging to Albuquerque Western Solar Industries, Inc., and held in the Bernalillo County District Court registry pursuant to the Order of the District Court.

4. This judgment remained unsatisfied as of June 27, 1983, the time of the filing of the petition for relief by Albuquerque Western Solar Industries, Inc., in the United States Bankruptcy Court for the District of New Mexico.

5. Smalley & Company by and through its attorneys, attended the first meeting of creditors but did not otherwise take any action in this bankruptcy proceeding.

6. On November 7, 1983, an Order of Disbursement was issued by the Bernalillo County Court Clerk stating "the Clerk of the Court shall disburse to the Plaintiff, Warren A. Meyer, the amount of $2,388.81 and the balance of the funds remaining in the Court Registry should be disbursed to the Defendant, Albuquerque Western Solar Industries, Inc. It is further ordered that the Clerk of the Court should not disburse any funds pursuant to this Order until she receives a Court endorsed copy of an Order lifting the automatic stay, allowing this disbursement from the United States Bankruptcy Court for the District of New Mexico, where the Defendant is currently involved in Chapter XI proceedings."

7. There is a balance of $2,070.94 in the Court Registry in said case.

8. On January 26, 1984, Albuquerque Western Solar Industries, Inc. delivered to Smalley and Company by certified mail a certificate evidencing ownership of 5,903 shares of the common stock of Albuquerque Western Solar Industries, Inc., pursuant to the plan of reorganization approved by this Court, which certificate remains in the possession of Smalley and Company.

Plaintiff argues that funds held by the Court are not attachable and Smalley therefore has no interest in the money held by the Bernalillo County Court Clerk Registry; thus their lien can be avoided under 11 U.S.C. § 547(b).

Defendant Smalley argues that the levy of the writ of execution effectuated the property transfer on August 4, 1982. They contend that this "transfer" of property occurred ten months prior to the filing of the bankruptcy, and this is not subject to avoidance as a preferential transfer.

The question for this Court is when the lien attached to the funds in the Court Registry. Generally, absent statute to the contrary, property of a debtor in custodia legis is not subject to garnishment. *J.N. Laughlin v. F.N. Lumbert*, 68 N.M. 351, 362 P.2d. 507 (1961). The funds being held by the Court are in the custody of the Court and will thus not be attachable unless permitted under New Mexico Statute.

In New Mexico, attachment maybe effected against the following:

the lands, tenement, goods, moneys, effects, credits and any right, title, lien or

interest whether legal or equitable upon, in or to real or personal, tangible or intangible property whether present or possessory or reversionary or in remainder and all property which could be reached upon execution or upon equitable proceedings in and of execution, of the debtor in whosesoever hands they may be except such property as is now, or may hereafter be, specifically exempted from attachment or execution by law ..."

§ 42-9-4 N.M.S.A. (1978 Comp.)

In *Laughlin* the Court requires that a statute specifically state that property in the custody of the Court is attachable in order to do so. The statute, on the other hand, is broad and all encompassing. However, no where does it state that property in the custody of the Court is attachable.

In *United States v. Hunt*, 513 F.2d 129 (10th Cir.1975) addressed a similar situation. In that case, the Internal Revenue Service brought an action to foreclose a federal tax lien on all property and property rights of a deceased taxpayer, including garnished funds held by the State Court in Wyoming. The Court of Appeals stated:

> The IRS was not at liberty, upon knowledge of the fact that the funds in the case at bar had been garnished and delivered into the custody of the Wyoming State Court ... to ignore those proceedings or the jurisdiction of the court. *id.*

Smalley and Company has attempted to attach the funds in the Court Registry from *Meyer v. Albuquerque Western Solar Ind., Inc.*, CV-80-08426, in the same way that the IRS attempted to do in that underlying case.

The Court of Appeals held that the IRS could not do so when they stated:

> Property and funds in custodia legis are not attachable or garnishable when they are already in the custody of the attaching or levying officer under civil process in a prior case. Such property is under the sole direction, order and disposition of the Court. 6 Am Jur 2d, Attachment and Garnishment, § 196, 197; *Mundil v. Hutson*, 33 N.M. 388, 268 P. 566, 59

A.L.R. 522 [(1928)]; *First National Bank v. Corporation Comm. of North Carolina*, 161 Md. 508, 157 A. 748, 86 A.L.R. 1407 [(1932)].

■ Therefore, Smalley and Company could not attach their lien to the funds being held in the Court Registry prior to the conclusion of the previous suit.

Once the funds had been disbursed by the Bernalillo County Clerk, a different question arises, that is, once the underlying obligation from the previous suit has been satisfied by the funds in the Court Registry, what happens to the remainder of the fund?

■ According to *Mundil v. Hutson*, 33 N.M. 388, 268 P. 566 (1928), "a custodian holding funds subject to orders of the Court becomes subject to garnishment upon final order and adjudging ownership of the fund and directing disbursement. *Id.* The Bernalillo Court Clerk issued the Order of Disbursement on November 7, 1983. Thus, it is at this time that the funds being held became attachable, and attached to the remainder of the funds.

However, the attachment took place nearly six months after the debtors filed for relief in the United States Bankruptcy Court. In this situation, the transfer would be preferential treatment to Smalley and Company and thus it can be avoided. *Becker v. American Bank of Commerce, (In re Town and Country Color Television, Inc.)*, 22 B.R. 421 (N.M.1982).

Therefore, the motion to avoid the judicial lien, pursuant to 11 U.S.C. 547(b) is proper and the lien can been avoided.

An appropriate order shall enter.

This constitutes findings of fact and conclusions of law.