FRANKLE *et als.* v. HUGH DOUGLAS *et als.*

ATTACHMENT. *Replevin Bond. Liability of sureties thereon.* Case.— S. & B., as creditors of C., by bill attached a stock of goods, previously transferred by C. to A. A. replevied the goods, giving F., W. and H. as sureties. The same goods were immediately, by another bill in the same court, attached by D. & Co., other creditors of C. The causes were heard together. The transfer of the goods from C. to A. was declared fraudulent and void as to the complainants in both cases. S. & B. had a decree for their debt against C., and also against A. and F., W. and H., sureties on the replevin bond. D. & Co. had a decree for the satisfaction of their debt out of the proceeds of the goods sold by a receiver under the order of the court. Afterward, F., W. and H., the sureties on the replevin bond, filed their bill, claiming the proceeds of the sale of the goods as against D. & Co.— upon the ground that when they became sureties, A., as indemnity, transferred the goods to them by an assignment which was noted for registration before the levy of the attachment of D. & Co. *Held.* Complainants not entitled to relief. A. not having a good title against D. & Co., could not transfer any better title to the complainants, and the registration of their assignment could not aid their title.

FROM WASHINGTON.

Appeal from the Chancery Court at Shelbyville. A. S. MARKS, Ch.

COOPER and SCUDDER for complainants.

H. L. DAVIDSON for defendants.

McFARLAND, J., delivered the opinion of the court.

On the 25th of March, 1871, the firm of Stine & Birmingham, as creditors of G. Cohn, filed their at-

tachment bill in the Chancery Court at Shelbyville, attaching a small stock of goods previously transferred by Cohn to B. Adam, or B. Adam & Co. A replevin bond was executed on behalf of Adam & Co., upon which the present complainants, Henry Frankle, Henry Wolfsen and Henry Hirshburg became sureties, and the goods were released. Two days afterward, the same goods were attached by Hugh Douglas & Co., also creditors of Cohn, by a bill in the same court. Two of the present complainants, as well as Adam, were made defendants. The causes were heard together and a decree rendered in favor of complainants in each case. The replevin bond in the first case being conditional to pay the debt of complainants therein, in the event the decree of the court should be in their favor. The decree was, that Stine & Birmingham recover the amount due them from Cohn, Adam, and the present complainants as sureties on the replevin bond. In the case of Douglas & Co., the goods attached were sold by the clerk and master, as receiver, and the proceeds applied to the satisfaction of their decree. The sale of the goods from Cohn to Adam was declared fraudulent and void, as to the complainants in each of said causes. This decree was submitted to by all the parties.

Subsequently, the present bill was filed by the three sureties on the replevin bond above named. They charge that they executed the replevin bond referred to, upon the condition that a transfer should be made to them of said stock of goods, and that a transfer was made to them—by whom, the bill does not charge;

but it appears that it was made in the name of Adam, or Adam & Co., and it was noted for registration, as appears in the proof, at the same hour of the day that the attachment of Douglas & Co. was levied; and this levy was made subject to the levy of Stine & Birmingham. The assignment of the goods by Adam to the complainants, was to secure them on account of said suretyship. The bill sets out the former proceedings and decree, and says they were not parties to said causes, and could not assert their rights. They charge that the proceeds of the sale of goods still remained in the hands of the receiver, and that the legal title to the goods was in them at the time the attachment of Douglas & Co. was levied. The prayer of the bill is, that the fund in the hands of the receiver be applied, first, to the satisfaction of the decree of Stine & Birmingham, and the balance be applied to the decree of Douglas & Co., and they be relieved.

It appears from the proof, however, that the receiver had paid the proceeds of the goods on the decree of Douglas & Co. before an injunction was obtained; and further, that complainants have paid the decree against them to Stine & Birmingham. The Chancellor gave a decree in favor of the complainants against Douglas & Co., for the amount paid by complainants to Stine & Birmingham.

The question principally discussed by counsel is, as to which party has priority of lien? The complainants under their assignment from B. Adam, or Douglas & Co. under their attachment; and the difficulty

in determining this question, it has been supposed, grows out of the fact that the complainants' assignment was noted for registration, and the attachment of Douglas & Co. was levied upon the same day, and at the same hour of the day.

This would be a question of interest, if both partes claimed title from the same person; but the complainants claim title under their assignment from Adam, and Douglas & Co. claim by virtue of their attachment against Cohn. If the title of Adam was not valid against the attaching creditors of Cohn, complainants could acquire no higher title than Adam's; and the prior registration of the assignment would not aid them.

It was adjudged in the former causes, that the purchase of the goods by Adam from Cohn was fraudulent and void as to the attaching creditors of Cohn; and as against them Adam acquired no title. As long as this decree remains in force, it is difficult to see how these complainants could have acquired a title or lien from Adam, superior to the claims of Stine & Birmingham or Douglas & Co. They are certainly not innocent purchasers for value.

It is objected, that complainants were not parties to the former causes, and, therefore, not bound by the decree. Their principal, Adam, was a party to both causes. They were themselves parties to the first cause by being sureties on the replevin bond, so far as to be bound by the decree against them; and two of the present complainants were, by name, made defendants to Douglas & Co.'s bill; besides, the complainants do

not, by the present bill, deny the correctness of the former adjudication. They do not now aver that Adam had a valid title, by his purchase from Cohn, superior to the claims of Cohn's creditors; and, as we have seen, if Adams had no such superior title, they have not. They would, we think, in a case of this character, be bound by the decree against their principal.

But it is assumed in the bill, that independent of their assignment from Adam, the complainants ought not to be held bound on their replevin bond for the debt of Stine & Birmingham, and at the same time, the goods taken for the debt of Douglas & Co. That the goods having been replevied in the first case, should not be subject to another attachment against Cohn, as this would, in effect, be requiring Adam or his sureties to pay for the goods twice. This was a question properly arising in the first case. It was a matter to be presented as a defense to the second attachment bill.

The facts upon which the question arose, were presented, and the court hearing the two causes together, held Adam and his sureties on the replevin bond liable for the debt of Stine & Birmingham, and applied the proceeds of the goods to the debt of Douglas & Co. The parties necessary to make the adjudication binding, was before the court and they did not appeal from the decree.

The present bill, in reality, prays a reversal or correction of that decree. It is clear, however, that it cannot be done in this mode. Besides, the former

decree was strictly correct, according to the case of *Jacobi* v. *Schloss,* 7 Col., 385.

The decree of the Chancellor, in our opinion, is in every respect erroneous. It will, therefore, be reversed and the bill dismissed, with costs.