C. L. McWATERS, Plaintiff in Error, v. GEORGE HALL, Defendant in Error.

Western Section.    March 5, 1932.

Petition for Certiorari denied by Supreme Court, July 2, 1932.

J. E. Hastings, of Memphis, and J. W. Norris, of Brownsville, for plaintiff in error.

Kinney & Carlton, of Brownsville, for defendant in error.

SENTER, J.    This is a suit for damages resulting from an automobile collision.    The suit was commenced before a, justice of the peace, and an attachment was issued and levied on the automobile of plaintiff in error.    The justice of the peace rendered judgment in favor of plaintiff below, and from which the defendant below appealed to the Circuit Court of Haywood County, where the case

was tried before the circuit judge without the intervention of a jury, resulting in a judgment in favor of plaintiff below and against the defendant below and surety on a bond which the defendant below executed to release and discharge the automobile which had been attached. The judgment was for the sum of $141 and the costs of the suit.

A motion for a new trial was overruled, as was also a motion in arrest of judgment made by the defendant below. From this action of the court in overruling the motion for a new trial, and the motion in arrest of judgment and in rendering judgment against the defendant below and surety on the replevin or forthcoming bond, the defendant below has appealed to this court in the nature of a writ of error and has assigned errors as follows:

"1. The court erred in holding that the effect of the giving of the bond in this cause was to dissolve the attachment.

"2. The court erred in holding that the defendant by the giving of said bond, was precluded from traversing the ground upon which the attachment was issued.

"3. The court erred in rendering judgment for $141 (one hundred forty-one dollars) against defendant and the surety on the replevin bond.

"4. The court erred in rendering any judgment against defendant's surety on the said bond."

It will thus be seen that no question is made as to the right of plaintiff to recover for the alleged damages; nor is there any question as to the amount of the judgment. The sole question presented on this appeal is as to whether the court erred in refusing to permit the defendant below to traverse the grounds for the writ of attachment, and in holding that the bond executed stood in lieu of the property attached, and operated to release and discharge the attachment of said automobile so as to entitle plaintiff below to a judgment against the bond.

The record discloses that after the levy of the attachment the defendant executed a bond in the sum of $250 with the American Surety Company thereon. This bond was conditioned as follows:

"Know all Men by these Presents, That, whereas, George Hall has instituted and attached the property, that is one Durant Automobile, of C. L. McWaters, and said suit is pending in the Magistrate Court of James Tipton, at Brownsville, Haywood County, Tennessee.

"Now, therefore, we, C. L. McWaters, and the American Surety Company, at Memphis, Tennessee, by Homer Rainey, as agent and attorney in fact, acknowledge ourselves and itself (The American Surety Company), indebted to George Hall in the penal sum of two hundred fifty dollars ($250).

"The conditions and obligations are such, that, whereas, the property, that is the said Durant automobile of the said C. L. McWaters has been attached by the suit of George Hall to satisfy a claim and demand of the said George Hall in the sum of $—— returnable to and before James Tipton, a justice of the peace for Haywood County, Tennessee, on the 13th day of June, 1931, at ten o'clock, A: M., at his office in the Court House at Brownsville, Tennessee, and the said property of C. L. McWaters being returned to him on the execution of this bond.

"Now, if the said C. L. McWaters, should pay the said claim and demand, with interest, and all cost of said suit, in the event he should be cast in the suit and judgment rendered against him, the above obligation will be null and void, otherwise, it shall remain in full force and effect."

By Section 5269, Shannon's Code, it is provided:

"The defendant to an attachment suit may always replevy the property attached by giving bond, with good security, payable to the plaintiff, in double the amount of the plaintiff's demand, or, at defendant's option, in double the value of the property attached, conditioned to pay the debt, interest, and costs, or the value of the property attached, with interest, as the case may be, in the event he should be cast in the suit."

It is contended for appellant that the bond given in this case is a forthcoming bond, and not strictly speaking a replevy bond, and not strictly a statutory bond.

In construing the above section of the Code in Williams v. Nolan, 2 Tenn. Chy., 155, Johnson v. Tucker, 2 Tenn. Chy., 400, that the rule in this State is, sanctioned by statute, to allow the owner of the property in custodia legis to retain possession upon giving a sufficient bond, to have the property forthcoming at the proper time, or pay the creditor's demand as finally adjudged.

It has been held in numerous Tennessee cases that a replevin bond given to regain possession of attached personal property is a substitute for the property attached, in the way of personal security, and releases it from the lien of the attachment, and leaves it subject to be levied on, under other attachments or executions. It seems also to be the rule, however, that in order to subject such property to other levies, the bond must be a replevy bond, and not a mere forthcoming bond for the forthcoming of the property. Jacoby v. Schloss, 7 Cald., 385; Cheatham v. Galloway, 7 Heisk., 678; Barry v. Frazier, 10 Heisk., 217; Frankle v. Douglas, 1 Lee, 476, and other cases.

It is the contention of appellant that the bond in question is, and should be construed to be, a forthcoming bond, and therefore, the right of the defendant to bring the property which had been tem-

porarily discharged, back into court to be disposed of under the orders of the court; it being further insisted that under this construction, the defendant to the attachment suit has not waived any right to traverse the grounds upon which the attachment issued. The contention being that under the facts as disclosed by the record the plaintiff did not have good grounds for attaching the property, and that the grounds alleged in the affidavit for the attachment, that is, that the defendant was about to remove himself and property out of the county, was not shown by the proof to be true, but the contrary appeared, and that, therefore, upon a traverse of the grounds for the attachment, and the grounds being insufficient or not proven, a dismissal of the attachment would preclude a recovery against the bond. It is further insisted by appellant that, this bond shows on its face to be a bond executed in double the value of the property attached, and not in double the amount of defendant's claim, and is therefore, a forthcoming bond and not a replevy bond. This contention is based upon the amount sued for in the justice of the peace warrant, which is for the sum of ''five hundred dollars,'' and the bond being for only the sum of $250, it must be construed, therefore, as intending to cover double the value of the property attached and not double the amount of the demand or claim sued for.

The attachment bond executed by plaintiff is in the sum of $1,000. The attachment bond must be for double the value of the property attached, while the amount sued for in the justice of the peace court, as damages resulting to plaintiff for the wrongful and negligent operation of the automobile by the defendant is stated at five hundred dollars. The jurisdictional limit of a justice of the peace court in an action for tort is $500, and the plaintiff may recover any amount under or not exceeding $500. The plaintiff did not undertake to show or to prove damages in excess of the amount of the judgment rendered, which is $141. The amount of the judgment in the justice of the peace court was $124. There is no provision in the bond for a return of the property into court so as to make the same subject to orders of the court. In this situation, and in view of these facts and a consideration of the provisions of the bond in question, we are of the opinion that the bond is a replevy bond and not a forthcoming bond. The defendant had a right to elect to give a bond in double the value of the automobile which had been attached, or to give a bond for double the amount of the claim. Evidently, the defendant elected to give the replevy bond in double the amount of plaintiff's demand, as we think the bond on its face shows, as well as the other facts above referred to. There is no provision in the bond fixing the value of the property attached, or providing for its return.

In Upton v. Phillips & Howe, 58 Tenn., 215, in the second head-note, it is said:

"2. Replevy Bond. Good under Sections 3512, 733 Code. Replevy bonds may, at the election of the party, be given in double the amount of the debt or demand, and to perform the judgment of the court. In a bond so conditioned the decree against the surety to pay the debt is correct. A bond not fixing the value of the property, or providing for its return, cannot be construed to be for the return of the property. Courts cannot look to hard cases. The legal result of the terms of the bond is to be enforced."

The Upton case is cited with approval in 3 Lea, 499, 6 Lea, 698, 8 Lea, 418. In the case of Dale v. Heffner, 4 Baxter, on pages 218-19, it is said:

"We think it clear, beyond dispute, that the replevin bond given in this case binds Heffner and his sureties for the payment of the debt in the event the court decided against him. The condition of the bond is, that 'if the said Heffner shall well and truly pay said debt and interest, and all costs, or so much thereof, as said court shall order and decree, then the obligation is to be null and void.' . . ."

In the present case the attachment is valid on its face. The ground of the attachment as set forth in the affidavit to the same, to the effect that the defendant "has removed and is removing himself out of the county privately," is a statutory ground for attachment under Code Section 5211. There is no question of jurisdiction involved either as to the summons for the defendant or the attachment. This is not, therefore, a case where the attachment writ is void on its face. In the case of Mercer v. Ewing, 6 Tenn. App., at pages 388-9, the court on this subject said:

"We have reached the conclusion after mature deliberation, that the position of the defendant in error is sound. Our decision is based on the peculiar phraseology of the replevy bond, taken in connection with the antecedent and subsequent condition and steps in the cause. It will be recalled that the attachment was levied upon the machine because of the conception of counsel for plaintiff that a lien existed. We are constrained to assume that Mercer also thought that his machine was subject to a lien and an attachment, and that he executed his replevy bond for the purpose of relieving his property from the charge. It is evident to us that he intended to withdraw his automobile from the burden of the lien and to substitute personal liability. It is recited in the bond that the automobile had been attached by process issued at the instance of Ewing and that it had been levied on for the purpose of collecting a sum

claimed by Ewing. It was thereupon recited that should Mercer and his surety pay the debt and cost in case he should be cast in the suit, the obligation would be void, but that if he failed to pay the debt, etc., the bond should remain in full force.

"This obligation is quite different from the ordinary replevy bond in attachment cases, and yet it is one which is allowable by the statutes. It must be given its peculiar effect of taking the property entirely from the jurisdiction of the court, or at least discharging the lien of the attachment and substituting personal liability. But one construction can be given such an instrument, and that is that the defendant and the surety obligate themselves unconditionally to pay any judgment which the plaintiff may obtain in the pending suit. This construction has been adopted in this State and is in accord with the view obtaining in other jurisdictions: Stevens v. Iron Co., 11 Heisk., 79; 2 R. C. L., Sec. 106, p. 890; see also 32 L. R. A. (N. S.), 401, and note."

In 2 Ruling Case Law, on page 890, is contained the following statement:

"While there is some diversity of opinion on the point, the weight of judicial authority has asserted that in an action on a bond given to procure or to release or dissolve an attachment the obligors are estopped to deny the validity of the attachment proceedings. This is in accordance with the general principle, that wherever the surety has contracted in reference to the conduct of one of the parties in some suit or proceeding in the courts, or for the result of such suit or proceeding, he is concluded by the judgment."

In the recent case of New York Cas. Co. v. Lawson, 160 Tenn., 329, 24 S. W. (2d), 881, it appears that the court makes a distinction between attachment proceedings which are void, or where the attachment writ is merely voidable. In that case the court said:

"Where the replevy of property attached operates to dissolve the attachment and discharge the property, and not merely to change its custodian without taking it out of the custody of the law, it is generally held that the execution of the replevy bond constitutes an appearance and operates as a waiver of any questions with reference to the jurisdiction of the court over the person of the defendant. 6 C. J., 327; L. R. A., 1916F, 587. This court has held that the replevy of the property attached does dissolve the attachment and discharge the property and render it liable to other attachments. Barry v. Frazier, 57 Tenn., 218; Jacobi v. Schloss, 47 Tenn., 285; Frankle v. Douglas, 69 Tenn., 476. We think such replevy constitutes a general appearance. But a general appearance does not operate

to validate attachment proceedings which are void as distinguished from those which are merely voidable, or to confer jurisdiction of the subject matter where the court did not have it. Where the attachment proceedings are void, the obligors are held not to be precluded by the giving of the bond for the release of the attachment from attacking the attachment. Thus, a defective affidavit which renders an attachment void may be taken advantage of by a motion in the principal case, although a replevy bond has been issued. Bruce v. Conyers, 54 Ga., 678. The court said: 'Ordinarily a replevy bond will dissolve an attachment, but where there is no valid attachment, and the defect is not amendable, there is nothing to dissolve. A void thing cannot be made the less void by calling it dissolved.'

''Appellee invokes sections 1094-1095, and 5272 of Shannon's Code to support his insistence. The substance of these sections is that where a defendant to attachment proceedings gives a bond to replevy the property attached and receives the property on the faith of such bond, he and his surety are estopped to deny the validity of the bond or the legality of the proceedings under which the property was received. We think the effect of these statutes is to preclude defendant and his surety from taking any objection with respect to the form or execution of the bond, and from taking advantage of any informalities or defects in the proceedings which would render such proceedings voidable or erroneous, and from making any question upon any matter going to the jurisdiction of the court over the person of the defendant. We do not think these statutes can have the effect of validating void proceedings, or of conferring jurisdiction of the subject-matter where the court had none. The case of Dillin v. O'Donnell was decided after the enactment of the statutes above referred to, and we think that that case settled the question. There the attachment was void. Some of the property seized under it was replevied, and the court held that the bond was unauthorized and that no decree could properly be entered thereon.''

In Dillin v. O'Donnell, 4 Baxter, 213, the decision is put upon the ground that the process could only issue upon the fiat of the judge, and it was said: ''In this view of the case, the attachment was extraordinary process, not such as is strictly under the provision of our Code, but such as could only be granted by the court or judge. The attachment, was, therefore, void, as issued by the clerk, as on his own fiat, and conferred no rights on the Sheriff; the replevin bond was not authorized by law, and no decree could properly be entered on the same.''

As we construe the Tennessee cases, and authorities from other jurisdictions and the textwriters on the subject, as well as upon principle, the conclusion we reach is that if the attachment writ is void on its face, or issued upon a void affidavit, or, if the court is without jurisdiction, a judgment could not be rendered on the replevy bond which had been executed by the attachment defendant. On the other hand, if the attachment is valid on its face, and the court has jurisdiction, the verity of the grounds alleged for the attachment, cannot be traversed, where the property has been turned over to the defendant under a bond which provides unconditionally that the principal and surety will pay the judgment and costs, if the defendant is cast in the suit. In this view of the case we find no error in the judgment rendered by the learned trial judge, and it is accordingly affirmed.

This appeal is in forma pauperis, and appellant will pay the cost of this appeal.

Heiskell and Owen, JJ., concur.